**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| FIRST FEDERAL FINANCE CORP., ET AL.,<br><br>    Petitioners,<br><br>        v.<br><br>HIRAM CARRION-CONCEPCION,<br><br>    Respondent. | **Civil No. 14-1019 (SEC)** |
| HIRAM CARRION-CONCEPCION,<br><br>    Petitioner,<br><br>        v.<br><br>FIRST FEDERAL FINANCE CORP., ET AL.,<br><br>    Respondents. | **Civil No. 14-1522 (SEC)** |

**OPINION AND ORDER**

This labor-arbitration action has "destroyed the prospect of speedy resolution that arbitration in general and bilateral arbitration in particular was meant to secure." Am. Exp. Co. v. Italian Colors Rest., 133 S. Ct. 2304, 2312 (2013). Taking issue with the Court's use of "harsh words" against him, Docket # 63, Hiram Carrión-Concepción (Carrión) seeks clarification from an order noting that "the parties' apparent litigation strategies (with [Carrión] having the lion's share of the blame) have unnecessarily complicated what should otherwise be a straightforward review of an arbitration award." Docket # 60. A chronological recount of this protracted litigation sets the stage.

The parties entered into an arbitration agreement whereby Carrión agreed to "submit to arbitration any claim for alleged discrimination, breach of contract, damages or retaliation

**Civil Nos. 14-1019 and 14-1522 (SEC)**                                                                                          **Page 2**

related with the termination" of his employment." Carrión-Concepcion v. First Fed. Fin. Corp., No. 10-1617, 2011 WL 5059192, at *2 (D.P.R. Aug. 3, 2011). As it happened, Carrión was fired and allegedly sexually harassed. But, instead of submitting that matter to arbitration (as he had agreed to), Carrión decided to file a federal-question action on July, 6, 2010, claiming a litany of labor violations. See generally No. 10-1617 (FAB), at Docket # 1. For some unknown and unfortunate reason, it took the employer almost a year to move to compel arbitration. Id. at Docket # 32. And although Carrión opposed that request, Judge Besosa agreed with the magistrate judge's recommendation that the matter should be referred to arbitration, id. at Docket # 67, and in October 2011, he entered judgment dismissing the case without prejudice. Id. at Docket # 68. Carrión never appealed that inexpugnable decision.

For the next two years, the parties litigated their labor dispute before an arbitrator, and as particularly relevant here, they agreed "that the issue" of attorneys' fees "will be bifurcated." Docket # 17-2. On December 11, 2013, the arbitrator rendered an "interim award," ruling, among other things, that Carrión had been sexually harassed. Docket # 1-9, p. 1. A second action, requesting the revocation of the arbitration award under the Federal Arbitration Act (FAA), 9 U.S.C. § 10(a), was thereupon filed in this court—this time by the employer. Docket # 1.

Carrión then decided to move to dismiss under both Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Docket # 16. In a nutshell, he argued that because the arbitrator's interim award had left unresolved the issue of attorneys' fees and costs, and because he had moved to "correct" the award to reflect the doubling of damages under Puerto Rico law, this court lacked subject-matter jurisdiction to consider the employer's motion to vacate. Id. at 3-8. The Court found that argument to be "way off the mark," Docket # 43, and this is the first "harsh word" that Carrión complains about, Docket # 63, p. 6. But that argument fell—and still falls—miles short, because the "Interim Award plainly disposed of all the substantive claims raised by the respondent in his demand for arbitration." Docket # 43, p. 1. Undeterred, Carrión moved for

reconsideration, rehashing all his previous arguments. Docket # 48. And in a desperate attempt to distinguish on-point, controlling precedent, Carrión informed that the parties had never agreed "to bifurcate" the arbitration "in any way at all." Id. at 14-15. That is false, of course, because the parties and the arbitrator explicitly agreed "that the issue" of attorneys' fees "will be bifurcated." Docket # 17-2. "Clearly, then, both the parties and the arbitrator agreed to bifurcate the arbitral proceeding and understood the determination of liability to be a final award." Providence Journal Co. v. Providence Newspaper Guild, 271 F.3d 16, 20 (1st Cir. 2001). That Carrión moved to "modify" the award, moreover, does not change the outcome. Cf. Fradella v. Petricca, 183 F.3d 17, 20 (1st Cir. 1999) (rejecting argument "that an application to modify or clarify an arbitral award tolls the FAA § 12 limitations period") (footnote omitted); accord Olson v. Wexford Clearing Servs. Corp., 397 F.3d 488, 490 (7th Cir. 2005) (Wood, J.). So the Court permissibly called that argument "way off the mark," because it was explicitly foreclosed by binding caselaw, which was conspicuously absent from Carrión's motion to dismiss.

Carrión next complains about the Court's remark that his 12(b)(6) request "le[ft] much to be desired." Docket # 63 (citing Docket # 40). That is exactly how the Court felt, however, not least because Carrión's argument depended solely on the continuing vitality of the so-called manifest disregard of the law doctrine. But Carrión ignored that the First Circuit "and courts in this district have continued to apply the doctrine as they await a more direct ruling from the higher courts." P.R. Tel. Co. v. WorldNet Telecomm., Inc., --- F.Supp.3d ----, No. 14-1062, 2014 WL 4627100, at *11 (D.P.R. Sept. 15, 2014); see also Universal Ins. Co. v. Warrantech Consumer Prod. Servs., Inc., 849 F. Supp. 2d 227, 237 (D.P.R. 2012) (Casellas, J.) (sidestepping "this difficult and important issue that the courts have only begun to resolve," and applying arguendo the manifest disregard of the law doctrine) (internal citation and internal

**Civil Nos. 14-1019 and 14-1522 (SEC)**                                                              **Page 4**

quotation marks omitted). Of course, the Court would have gladly disposed of this action through Carrión's motion to dismiss; but, quite simply, it was placed in no position to do so.

That brings us back to Carrión's request for the Court to "squarely state what are the set of facts demonstrating that he has," Docket # 63, p. 6, the "lion's share of the blame" for "unnecessarily complicat[ing] what should otherwise be a straightforward review of an arbitration award." Docket # 60. The Court indulges this request.

The first "set of facts" has already been recounted above. First, Carrión filed this federal action in 2010 instead of submitting the matter to arbitration, as he had agreed to, and as two judicial officers ultimately so held. Second, instead of filing a motion to modify the award in this court, he filed it before the arbitrator, thus ignoring the admonition that "[n]o statutory or judicial authority support[s] [a] contention that . . . [an] application to correct the award toll[s] the FAA § 12 limitations period." Fradella, at 183 F.3d at 21. Third, he falsely told the Court that the parties never agreed "to bifurcate" the arbitration "in any way at all." Docket # 48, pp. 14-15.

But there is more. First, the Court was forced to enter a show-cause order because Carrión's 23-page motion for reconsideration manifestly violated Local Rule 7(d), which provides that "[n]on-dispositive motions and memoranda or oppositions to those motions shall not exceed fifteen (15) pages in length." Docket # 56. Second, Carrión's show-cause response offered a two-sentence ipse dixit, devoid of any supporting authorities, arguing that his motion for reconsideration was a "dispositive motion," because it sought reconsideration from the order denying his motion to dismiss. Docket # 57, p. 3. But that is the same type of argument that prompted the Court's "harsh words" against him, and "[i]t brings to mind Justice Holmes' observation that "[l]awyers spend a great deal of their time shoveling smoke." In re Lever Dev., LLC, No. 11-44639-MSH, 2012 WL 5053441, at *8 (Bankr. D. Mass. Oct. 18, 2012) (second alteration in original). Third, instead of requesting leave to file a motion to modify the award,

**Civil Nos. 14-1019 and 14-1522 (SEC)**                                                                                          Page 5

Carrión filed another action in this court under 9 U.S.C. § 11 (the third action concerning this labor dispute)—No. 14-1522, which was originally assigned to Judge García-Gregory.

Carrión's filing of this third action is what ultimately prompted the Court's issuance of the order expressing its frustration with both parties' litigation strategies. (The employer has (wisely) remained silent on this front.) At any rate, and for the reasons just given, Carrión had the lion's share of the blame for the complications recounted above, which have wasted the Court's time and resources. To cinch matters, Carrión opposed the Court's "latest attempt to streamline this litigation," Docket # 68, p. 1, which sought to consolidate both actions, maintaining that neither action shared common questions of law or fact. Docket # 61, p. 2. Finding that Carrión's opposition "stretche[d] credulity . . . and c[a]m[e] perilously close to transgressing Rule 11," Docket # 68, p. 1, the Court held that "this case is a textbook candidate for the application of the consolidation rule." Id. at 2. Judge García-Gregory agreed with that holding, and these actions were ultimately consolidated.

Finally, Carrión's renewed request to dismiss the employer's motion to vacate the arbitration award contains a whopping 83 pages and 119 numbered paragraphs, some of which contain innumerable numbered sub-paragraphs. See generally Docket # 67. The Court struck that motion from the record pending resolution of Carrión's motions to clarify and for leave to file excess pages. Docket # 69.

"Attorneys who cannot discipline themselves to write concisely are not effective advocates, and they do a disservice not only to the courts but also to their clients." Spaziano v. Singletary, 36 F.3d 1028, 1031 n. 2. (11th Cir. 1994). To that effect, Local Rule 7(g) prescribes a 25-page limit for motions to dismiss and for summary judgment. Carrión's motion for leave to exceed the page limit posits that he would be "severely prejudiced" unless permitted . . . to exceed the applicable page limitation and be allowed to file a similar number of pages as the Petitioners did in their Petition to Vacate." Docket # 66, p. 3. (Although in the labor-arbitration context, a federal court "accept[s] the facts as the arbitrator found them," Boston Med. Ctr. v.

**Civil Nos. 14-1019 and 14-1522 (SEC)**                                                                                                         **Page 6**

Serv. Employees Int'l Union, Local 285, 260 F.3d 16, 18 (1st Cir. 2001), the employer's 80-page motion to vacate inexplicably included 116 exhibits.) This argument is unpersuasive.

Carrión's motion can be readily shortened. For example, Carrión could suppress all the numbered paragraphs and instead write in short and concise paragraphs. This is not local court, and nothing requires that counsel include numbered paragraphs. See Local Rule 7(d). (To be sure, Federal Rule of Civil Procedure 10(b) requires that the pleadings—not motions—be divided into numbered paragraphs; the same holds true for statements of facts under Rule 56.) Numbering paragraphs in motions, in short, wastes space and unduly complicates the Court's job. The same holds true for the many block quotes of the applicable law and the standard of review, and Carrión's recount of the procedural history— all of which the Court is well aware. It is true, alas, that the employer's petition to vacate is just as lengthy; and by furnishing over 100 exhibits, the employer impermissibly attempts to relitigate the merits of the underlying case. But two wrongs do not make one right, and in any event this court must "accept the facts as the arbitrator found them," Boston Med. Ctr., 260 F.3d at 18, so the majority of those exhibits will be effectively ignored. Cf., e.g., United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 45 (1987) ("The parties did not bargain for the facts to be found by a court, but by an arbitrator chosen by them . . . .").

For the reasons stated, Carrión's request to file excess pages is granted in part and denied in part; his dispositive motion shall not exceed 50 pages. The employer's motion to dismiss Carrión's petition to modify the award is noted, and will be jointly resolved with Carrión's dispositive motion, which is due on March 2, 2015.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of February, 2015.

*s/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge